# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

|  |  |  |  |
|---|---|---|---|
| | Relator, | : | Case Nos. 3:13-mc-15 |
| | | | Consolidated with 3:13-mc-16 |
| | | | |
| | | | District Judge Timothy S. Black |
| - vs - | | | Magistrate Judge Michael R. Merz |

DAVID  W. BARKER, M.D., et al.,

|  |  |  |
|---|---|---|
| | Respondents. | : |

---

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

On February 19, 2014, the Magistrate Judge filed a Report and Recommendations on Respondents' Motions to Dismiss (the "Report," Doc. No. 19).  The Report recommended:

> that upon receipt of a written apology from Respondents for violating Rule 32.1(k) and their written certificate that they have surrendered to the Court all copies (in paper or electronic form) that they possess of the Walden PSI, the Court enjoins them from any further violations of the Rule, dissolves the Orders to Show Cause, and dismisses these contempt proceedings.

*Id.*  at PageID 144.

Within the time allowed for objections under Fed. R. Civ. P. 72, both Respondents filed the suggested apologies and certificates.   Respondent Yosowitz made no objections to the Report, but Respondent Barker objects that "enjoining him from further violations of the rule is

1

unnecessary and greater than necessary to achieve the purpose of enforcing the rule." (Objections, Doc. No. 20, PageID 146.)

Permanent injunctive relief is justified upon establishment the fact of the violation, the presence of a continuing irreparable injury, and the lack of an adequate remedy at law. *Rondeau v. Mosinee Paper Corp.,* 422 U.S. 49 (1975); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-507 (1959); *City of Parma v. Levi*, 536 F.2d 133, 135 (6th Cir. 1976). The court must also consider the "balance of convenience," that is, the impact on others and on the public interest of granting the injunction. *Harris Stanley Land and Coal Co. v. Chesapeake & Ohio Ry. Co.,* 154 F.2d 450, 454 (6th Cir. 1976).

Respondent Barker does not deny, but in fact admits and apologizes for violating S. D. Ohio Crim. R. 32.1(k), so there is no dispute that the Rule was violated. The Report canvasses the injuries which can be caused by violation of the confidentiality provision, not just to the person whose PSI is revealed, but also to the interests of other persons identified in or identifiable from the PSI. Perhaps more importantly, public knowledge that the confidentiality of the PSI writing process has not been maintained could do irreparable damage to the ability of probation officers to fulfill their function. Even one public report that an attorney had divulged a confidential client communication or that a priest had violated the seal of confession would likely do incalculable damage to the institutions involved. A similar effect on the federal sentencing process is not difficult to imagine.

There is no remedy at law available to the Court for further violations of the Rule by Dr. Barker. The Court has no damages remedy against him. A renewed attempt to impose criminal contempt sanctions would probably face resistance: although Dr. Barker appears to concede that now that he has actual knowledge of the Rule, any further violation would be contemptuous

(Objections, Doc. No. 20, PageID 147).  But in his motion to dismiss, he contended that local rules could never be enforced with contempt sanctions, independent of actual knowledge.

Dr. Barker also objects that as a medical professional he does not merit the "stigma of having the injunction permanently of record and searchable by all."  Barker cites no authority for the proposition that being enjoined is a "stigma."  And the fact of the violation and accusation of contempt of court against Dr. Barker are already a matter of permanent electronically searchable record through the PACER[1] system.

Respondent Barker argues further that since he has certified he no longer has any copies of the Walden PSI, an injunction is unnecessary. The Court accepts his certification that he has surrendered all copies he had.   However, "the court's power to grant injunctive relief survives discontinuance of the illegal conduct . . ." as the purpose of an injunction is to prevent future wrong violations. *Id*. at 633, *citing Hecht Co. v. Bowles*, 321 U.S. 321 (1944); *Goshen Mfg. Co. v. Myers Mfg. Co.*, 242 U.S. 202 (1916); *Swift & Co. v. United States*, 276 U.S. 311, 326 (1928). In considering all the circumstances, including the expressed intent to comply, the Court must make a determination as to whether "there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *Id*.

Dr. Barker's motivation to possess the Walden PSI and disseminate the damaging information it contains has scarcely diminished.  Despite Walden's indictment and probable impending conviction[2] for sexual misconduct, he may remain, in Dr. Barker's perception, a threat to the Barker children.  When he needed to obtain damaging information about Walden in the past, Dr. Barker displayed considerable ingenuity and deployed considerable resources to obtain that information.  He now knows what information is included in the Walden PSI.  It is

---

[1] Public access to Court Electronic Records.
[2] The Magistrate Judge is advised by the Probation Department that a plea agreement has been reached in Walden's case in the Miami County Common Pleas Court.

certainly not inconceivable that, given future circumstances where he would want to reveal that information and corroborate its existence with the document itself, he might find a way to obtain a copy again.  In any event, the Rule prohibits disclosure of the information contained in a PSI and Dr. Barker has that information in his memory, even if he does not have the document.

**Conclusion**

Based on the foregoing analysis**,** it is respectfully recommended that the Court adopt the original Report, including the recommendation that Respondents be permanently enjoined from violatin S.D. Ohio Crim. R. 32.1(k).

March 10, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).